UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VANESSA KAY NEALY,

       Plaintiff,                      CIVIL ACTION NO. 16-cv-12179

      v.                               DISTRICT JUDGE DAVID M. LAWSON

COMMISSIONER OF             MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Vanessa Kay Nealy seeks judicial review of Defendant Commissioner of Social Security's determination that she is not entitled to social security benefits for her physical impairments under 42 U.S.C. § 405(g). (Docket no. 3.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 9) and Defendant's Motion for Summary Judgment (docket no. 10). The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 2.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

### I.    RECOMMENDATION

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 9) be **DENIED** and Defendant's Motion for Summary Judgment (docket no. 10) be **GRANTED**.

### II.    PROCEDURAL HISTORY

Plaintiff protectively filed an application for Supplemental Security Income on March 8, 2013, alleging that she has been disabled since January 18, 2010, due to "lupus, . . . arthritis in feet, breathing troubles." (TR 21, 83, 141–47.) The Social Security Administration denied Plaintiff's claims on July 11, 2013, and Plaintiff requested a *de novo* hearing. (TR 92–98.) On November 12, 2014, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) B. Lloyd Blair. (TR 33–53.) In a December 10, 2014 decision, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a limited range of light work as defined in 20 C.F.R. § 416.967(a) and was not entitled to benefits because she was capable of performing a significant number of jobs in the national economy. (TR 24–28.) The Appeals Council declined to review the ALJ's decision (TR 1–6), and Plaintiff commenced this action for judicial review. The parties then filed cross motions for summary judgment, which are currently before the court.

## III. HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff (docket no. 9 at 7–9) and the ALJ (TR 23–28) have set forth detailed, factual summaries of Plaintiff's medical record and the hearing testimony. Defendant adopts the ALJ's recitation of the facts. (Docket no. 10 at 4.) Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among the recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also make references and citations to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff engaged in substantial gainful activity from July 2013 to November 2013, but not from the alleged onset date of January 18, 2010 to July 2013, or from November 2013 through the date of the decision. (TR 21, 23.) The ALJ then found that Plaintiff suffered from the following severe impairments: connective tissue disease, osteoarthritis, and asthma. (TR 23.) The ALJ also found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 24.) The ALJ then found that Plaintiff had the following RFC:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) with the following exceptions: she requires a sit/stand option at will that allows her to change positions every fifteen minutes; she can never use ladders, scaffolds, or ropes, but she can occasionally stoop, kneel, crouch, crawl, balance, and use ramps or stairs; she should avoid concentrated exposure to extreme cold, fumes, chemicals, and respiratory irritants; she can frequently, but not constantly, handle and finger; and she can never use foot controls.

(TR 24.) Subsequently, in reliance on the vocational expert's (VE's) testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy. (TR 27–28.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act since March 8, 2013, the date the application was filed.[1] (TR 28.)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a

---

[1] Supplemental Security Income is not payable prior to the "month following the month" in which the claimant's application is filed. 20 C.F.R. § 416.335.

preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

**B.     Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

4

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C. Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the

decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed and/or remanded under sentence four because (1) "[t]he ALJ failed to comply with SSR 96-8p in assessing the Plaintiff's RFC because the ALJ's RFC Assessment is simply conclusory and does not contain any rationale or reference to the supporting evidence, as required by SSR 96-8p"; (2) "[t]he ALJ's RFC finding failed to comply with SSR 96-8p in that he failed to include the required 'function-by-function' assessment"; (3) "[t]he ALJ committed reversible error in failing to recontact the consultative physician for more information"; (4) "[t]he ALJ committed reversible error in failing to provide specific rationale for rejecting the Plaintiff's testimony, as required by SSR 96-7p." (Docket no. 9 at 3.) Because the first two issues both concern the ALJ's formulation of Plaintiff's RFC, the undersigned will address them together, first.

### 1. The ALJ's formulation of Plaintiff's RFC

As mentioned, Plaintiff's argument concerning the ALJ's formulation of Plaintiff's RFC is two-fold: she argues that the ALJ failed to provide a rationale or reference the supporting medical evidence, and that the ALJ failed to provide a function-by-function analysis of Plaintiff's limitations before determining Plaintiff's RFC. (Docket no. 9 at 11–15.)

The RFC is the Commissioner's ultimate finding about the claimant's ability to perform work-related activities. SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996). It is defined as the most, not the least, the claimant can do despite her impairments. 20 C.F.R. § 416.945(a). The ALJ derives the RFC after considering the medical and other relevant evidence in the record. *Id.*

He must support the RFC by including a narrative discussion describing how the evidence supports his conclusions and providing citations to specific medical facts and nonmedical evidence. SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). In determining the RFC, the ALJ must discuss the claimant's ability to perform sustained work activities in an ordinary setting on a regular and continuing basis. *Id.* "The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id.* The ALJ may adopt the opinion of a medical or nonmedical source in whole or in part if he finds that it is supported by and not inconsistent with the other substantial evidence of record. However, at all times the ultimate responsibility for fashioning the RFC rests with the ALJ, who has an obligation to determine the RFC based on the evidence he finds credible.

Plaintiff essentially argues, first, that the ALJ's RFC assessment does not meet the narrative discussion requirement of SSR 96-8p. (Docket no. 9 at 12 ("nowhere in the ALJ's decision does the ALJ specifically address his RFC findings and what medical evidence he relied on in coming to this conclusion").) To the contrary, the ALJ specifically gave "some weight to the State agency medical consultant's assessment" (TR 27), which provides that Plaintiff is capable of lifting up to 20 pounds occasionally and 10 pounds frequently (TR 88), and is consistent with the ALJ's conclusion that Plaintiff is capable of light work. The ALJ's RFC is further consistent with the State agency medical consultant's findings that Plaintiff can sit or stand up to six hours in an eight-hour workday (provided she has the ability to alternate between sitting and standing), that Plaintiff should never climb ladders/ropes/scaffolds, but that she could occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs, and that Plaintiff should "avoid concentrated exposure" to fumes, chemicals, and respiratory irritants. (TR 24, 88–89.) Indeed, the only difference between the ALJ's formulation of Plaintiff's RFC and the opinion of

7

the State agency medical consultant is that the ALJ found Plaintiff was more limited; specifically, the ALJ noted that "more recent evidence received at the hearing level supports additional restrictions on the use of the extremities for handling, fingering, and foot controls" (TR 27), noting "new evidence of osteoarthritis in her feet and Dr. Mallah's diagnosis of connective tissue disease" (TR 26.) The ALJ also expressly relied on Plaintiff's testimony that she "alternates between sitting and standing throughout the day," noting that this limitation "has been accommodated by allowing [Plaintiff] to change positions every 15 minutes" at will. (TR 24, 26; *see also* TR 46–48 (Plaintiff's testimony).)

Plaintiff argues that the ALJ somehow erred in relying on Plaintiff's testimony concerning Plaintiff's need to alternate between sitting and standing. In her brief, Plaintiff writes:

> When the ALJ asked how long Plaintiff could "stand before you absolutely have to sit down," she indicated "maybe 13, 14 minutes, like I need to get up right now." (R. 7-2, Tr. 46) The ALJ's question does not ask if Plaintiff can stand comfortably or without severe pain, only how long she could stand before she "absolutely [had] to sit down." *Id.* The Plaintiff's response is also unclear, as she indicates in it the need to get up as opposed to sit down. Therefore, the ALJ failed to comply with SSR 96-[8]p and this matter should be remanded for a proper evaluation of Plaintiff's RFC.

(Docket no. 9 at 13.) Plaintiff's argument in this regard fails. The fact is, Plaintiff did testify that she had the capacity to stand for 13–14 minutes at a time. Plaintiff also testified that, when sitting, she stands up "like, every 15 minutes or maybe 10." (TR 46.) Moreover, the ALJ found Plaintiff to be only partially credible (a finding with which the undersigned finds no error, as addressed below), and the State agency medical consultant (whose opinion the ALJ credited) also found that Plaintiff could stand/walk up to six hours in an eight-hour workday, provided Plaintiff was able to alternate between sitting and standing. (TR 87–88.)

8

There is no error with the ALJ's narrative discussion of the evidence that supports his formulation of Plaintiff's RFC. The ALJ weighed the medical and non-medical evidence in conjunction with Plaintiff's subjective complaints and developed an RFC based on the evidence that she found to be credible. Plaintiff's arguments in this regard should be rejected.

Plaintiff's second argument concerning the ALJ's formulation of Plaintiff's RFC is that the ALJ failed to include a "function-by-function" assessment of Plaintiff's limitations. (Docket no. 9 at 13–15.) Specifically, Plaintiff argues, "the ALJ does not address [Plaintiff's] ability to sit, stand, walk, lift, carry, push and pull." (*Id.* at 14.) However, "Sixth Circuit precedent clearly establishes that '[a]lthough a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce such a detailed statement in writing.'" *Johnson v. Comm'r of Soc. Sec.*, No. 14-cv-14713, 2015 WL 12670490, at *10 (E.D. Mich. Sept. 18, 2015) (quoting *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547–48 (6th Cir. 2002)). The ALJ, in reliance on the opinion of the State agency medical consultant, found that Plaintiff was capable of performing light work, which includes the ability to lift up to twenty pounds occasionally and up to ten pounds frequently. 20 C.F.R. § 416.967(b). The ALJ further found, in reliance on Plaintiff's testimony and the opinion of the State agency medical consultant, that Plaintiff required "a sit/stand at will option that allows her to change positions every 15 minutes" (TR 24), which, as Defendant points out, "accounts for [Plaintiff's] ability to sit, stand, and walk." (Docket no. 10 at 9.) Finally, as Defendant also points out, Plaintiff fails to identify *any* evidence in the record which would support a limitation regarding pulling or pushing with her arms and hands. (Docket no. 10 at 9; *see also* docket no. 9 at 14.)

The ALJ did not fail to discuss the evidence which supports his formulation of Plaintiff's RFC; and he did not commit reversible error by failing to provide a function-by-function analysis

9

of each of Plaintiff's limitations. Plaintiff's Motion should be denied with regard to her first two arguments.

2. *Recontacting the Consultative Examiner*

Plaintiff next argues that "the ALJ committed reversible error in failing to recontact the consultative physician for more information." (Docket no. 9 at 15.) In support of this argument, Plaintiff cites 20 C.F.R.§ 404.1512(e), a regulation which applies only to Old-Age, Survivors and Disability Insurance applications, and not to Supplemental Security Income-only applications, such as Plaintiff's. As Defendant points out, the corresponding SSI regulation is 20 C.F.R. § 416.912. A prior version of that regulation provided that the Commissioner "will seek additional evidence or clarification from [a claimant's] medical source" under certain circumstances, including "when the report from [a claimant's] medical source contains a conflict or ambiguity that must be resolved." *See* 20 C.F.R. § 416.912(e)(1) (79 F.R. 24810, version effective June 13, 2011 to March 25, 2012).

The regulation (20 C.F.R. § 416.912) has since been amended, however, and, as Defendant puts it, "no longer contains a provision that requires an ALJ to re-contact a medical source." (Docket no. 10 at 10.) Defendant is correct. The current version of 20 C.F.R. § 416.912 does not contain such a requirement; neither did the version in effect at the time of Plaintiff's application on March 8, 2013 (*see* 77 F.R. 10656), or the version in effect at the time of the ALJ's decision on December 10, 2014 (*see* 79 F.R. 33685). Plaintiff's argument should therefore be rejected.

In this section of her brief, Plaintiff again challenges the ALJ's use of her testimony concerning her ability to stand for 13–14 minutes at a time. (*See* docket no. 9 at 16–17.) As discussed above, the undersigned finds no error in the ALJ's partial reliance on Plaintiff's

testimony to support his conclusion that Plaintiff can perform light work provided she is given the option to alternate between sitting and standing.

### 3. The ALJ's Assessment of Plaintiff's Credibility

Plaintiff also argues that the ALJ "committed reversible error in failing to provide [a] specific rationale for rejecting the Plaintiff's testimony, as required by SSR 96-7p." (Docket no. 9 at 17.)

"[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r*, 127 F.3d 525, 531 (6th Cir. 1997). But credibility assessments are not insulated from judicial review. Despite the deference that is due, such a determination must nevertheless be supported by substantial evidence. *Id.* An ALJ's credibility determination must contain "specific reasons . . . supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.[2] "It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" *Id.* "[T]he adjudicator may find all, only some, or none of an individual's allegations to be credible" and may also find the statements credible to a certain degree." *Id.*

Further, to the extent that the ALJ found that Plaintiff's statements are not substantiated by the objective medical evidence in the record, the Regulations explicitly provide that "we will

---

[2] SSR 96-7p has been superseded by SSR 16-3p, effective March 28, 2016. *See* SSR 16-3p, 2016 WL 1119029, at *1; 2016 WL 1237954. Nevertheless, because the ALJ's decision in this matter was rendered prior to the effective date of SSR 16-3p, the ALJ was obligated to comply with SSR 96-7p. *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 652 (6th Cir. 2006) ("The Act does not generally give the SSA the power to promulgate retroactive regulations."); *see also Murphy v. Comm'r of Soc. Sec.*, No. 1:15-cv-126, 2016 WL 2901746, at *8 n.6 (E.D. Tenn. May 18, 2016) (citations omitted) (concluding SSR 16-3p should not be retroactively applied).

not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. § 416.929(c)(2). The ALJ will consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, for symptom relief; (6) any measures used to relieve the symptoms; and (7) functional limitations and restrictions due to the pain or other symptoms. *Id.*; SSR 96-7p; *see also Felisky v. Bowen*, 35 F.3d 1027, 1039–40 (6th Cir. 1994) (applying these factors).

In this case, the ALJ found that Plaintiff's medically determinable impairments "could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (TR 26.) The ALJ first explained that the objective medical evidence did not support Plaintiff's allegations; specifically, the ALJ noted that in December 2012, one of Plaintiff's doctors noted that Plaintiff "had no complaints." (TR 25.) The ALJ also discussed the results of Plaintiff's consultative exam, during which Dr. Salomon noted that, despite Plaintiff's complaints of being short of breath, Plaintiff was "incredibly talkative" during the exam. (TR 26.) Dr. Salomon also reported that Plaintiff "was able to get on and off the table without too much difficulty and she could walk short distances with a gait that looked normal," that she did not have "redness or swelling of any of her joints," and that "she had a good grip on both sides." (TR 26–27.)

Then, contrary to Plaintiff's assertion, the ALJ gave specific reasons to discount Plaintiff's credibility:

> [T]he claimant's testimony with regard to her alleged limitations lacks consistency with her description of job duties as a cookie packager, which she performed full-time from September 2012 to March 2013 (B3E). She apparently stopped working at this job because her employer no longer allowed her to stand on a mat so her podiatrist provided her with orthotic supports and she admitted that these helped with her pain, but she made conflicting statements as to how often she was using them (B2F). As another example, her asthma treatment was escalated in May 2013, but she was unable to return to work at substantial gainful activity levels afterwards (B9D, B5F). Dr. Salomon also noted that her complaints of ongoing shortness of breath despite her increased respiratory treatment were inconsistent with how incredibly talkative she was during the examination (B3F). The undersigned further finds that the receipt of unemployment benefits during the relevant time frame of this decision undermines the credibility of her allegations as she certified to another government agency that she was able to work full-time to collect those benefits. The undersigned is unable to reconcile the divergence of the claimant's various statements, but finds that these inconsistencies significantly diminish her overall credibility.

(TR 26–27.) In this discussion, the ALJ touches on a number of the relevant credibility factors, including Plaintiff's medication, her treatment other than medication, and the fact that she was able to work as a cookie packager during the alleged period of disability, an activity of daily living. Moreover, despite Plaintiff's protestations, it was not improper for the ALJ to discount Plaintiff's credibility in part because she applied for unemployment during the alleged disability period. *See Workman v. Comm'r of Soc. Sec.*, 105 Fed. App'x 794, 801–02 (6th Cir. 2004) (finding ALJ's decision to discount claimant's testimony was supported by substantial evidence where claimant simultaneously applied for unemployment benefits, reasoning that "[a]pplications for unemployment and disability benefits are inherently inconsistent").

The ALJ noted Plaintiff's complaints of persistent and ongoing pain (TR 26), partially credited her claims, and then limited her to a limited range of light work that accommodates her

need to alternate between sitting and standing and the issues she suffers due to osteoarthritis in her feet, connective tissue disease, and asthma. The ALJ properly cited to the evidence in the record that explains his reasons for not finding Plaintiff's statements concerning the extent of her disability to be entirely credible, in accordance with the ALJ's duty under SSR 96-7p. Thus, the ALJ's decision is sufficiently specific to make clear to Plaintiff and to the court the weight that he gave to Plaintiff's statements and the reasons for that weight. The ALJ's assessment of Plaintiff's credibility is supported by substantial evidence and should not be disturbed. Plaintiff's Motion should be denied in this regard.

## VI. CONCLUSION

For the reasons stated herein, the court should **DENY** Plaintiff's Motion for Summary Judgment (docket no. 9) and **GRANT** Defendant's Motion for Summary Judgment (docket no. 10).

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 7, 2017                s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: August 7, 2017                s/ Leanne Hosking
                                     Case Manager Generalist