UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VANESSA KAY NEALY,

        Plaintiff,                            Case Number 16-12179
                                                      Honorable David M. Lawson
v.                                                 Magistrate Judge Mona K. Majzoub

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE
COMMISSIONER, AND DISMISSING COMPLAINT**

The plaintiff filed the present action on June 14, 2016 under 42 U.S.C. § 405(g) seeking review of the Commissioner's decision denying her claim for supplemental security income benefits under Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge Mona K. Majzoub under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgement to reverse the decision of the Commissioner and remand the case for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Mazjoub filed a report on August 7, 2017 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections, and the defendant filed a response. The matter is now before the Court.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, and the plaintiff's objections and has made a *de novo* review of the administrative record in light of the parties' submissions.

The plaintiff, who is now 55 years old, filed her application for supplemental security income benefits on March 8, 2013, when she was 50. The plaintiff has a high school education and formerly worked as a cashier, fast food worker, and packager. In the application that is the subject

of the present appeal, the plaintiff alleged a disability onset date of January 18, 2010. She alleged she had been diagnosed with lupus, arthritis, and asthma.

The plaintiff's application for disability benefits was denied initially on July 11, 2013. The plaintiff timely filed a request for an administrative hearing, and on November 12, 2014 the plaintiff appeared before Administrative Law Judge (ALJ) B. Lloyd Blair. On December 10, 2014, ALJ Blair issued a written decision in which he found that the plaintiff was not disabled. On April 20, 2016, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. The plaintiff filed her complaint seeking judicial review on June 14, 2016.

ALJ Blair reached his conclusion that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 416.920(a)(4). He found that although the plaintiff had engaged in substantial gainful activity between July 2013 and November 2013, there had been a continuous twelve-month period during which she did not engage in substantial gainful activity (step one); the plaintiff suffered from connective tissue disease, osteoarthritis, and asthma, impairments which were "severe" within the meaning of the Social Security Act (step two); and none of those impairments alone or in combination met or equaled a listing in the regulations (step three).

The ALJ then determined that the plaintiff was capable of performing a range of light work as defined under 20 C.F.R. § 416.967(b), limited as follows: she required the option to sit or stand at will so she can change positions every 15 minutes; she can never use ladders, scaffolds, or ropes, but she can occasionally stoop, kneel, crouch, crawl, balance, and use ramps or stairs; she should avoid concentrated exposure to extreme cold, fumes, chemicals, and respiratory irritants; she can frequently, but not constantly, handle and finger; and she can never use foot controls. The ALJ then

found that the plaintiff was unable to perform the duties required for her past relevant work, which was unskilled and performed at the light and medium exertional levels (step four).

In applying the fifth step, the ALJ described that residual functional capacity (RFC) to a vocational expert, who testified that the plaintiff could perform jobs such as assembler, with 6,000 jobs within the State of Michigan; inspector, with 4,000 jobs within the State of Michigan; and packager, with 5,000 jobs within the state of Michigan. Based on those findings and using Medical Vocational Rule 202.13 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

In her motion for summary judgment, the plaintiff argued that the ALJ committed legal error when determining the plaintiff's RFC because he did not comply with Social Security Ruling (SSR) 96-8p, which directs the adjudicator to cite the record evidence that supports the RFC determination; and he failed to perform a function-by-function assessment. She also argued that the ALJ committed error when he did not recontact a consultative physician — Dr. Jack Salomon — to clear up a perceived inconsistency in Dr. Salomon's opinion on the plaintiff's limitations, which she believed was mandated by 20 C.F.R. § 404.1512(e); and the ALJ failed to give adequate reasons for rejecting the plaintiff's testimony about her own physical limitations.

The magistrate judge determined that the ALJ complied with SSR 96-8p because he cited the medical and non-medical evidence that supported his decision, gave "some weight" to the consultative examiner's opinion, discussed the plaintiff's limitations, and incorporated them into the RFC. The magistrate judge also determined that applicable law does not require an ALJ to articulate a function-by-function analysis, referencing *Johnson v. Comm'r of Soc. Sec.*, No. 14-14713, 2015 WL 12670490, at *10 (E.D. Mich Sept. 18, 2015). Next, the magistrate judge rejected the plaintiff's

argument that the ALJ was obliged to recontact the consultative examining physician, because the version of the applicable regulation (which actually is 20 C.F.R. § 416.912, applicable to SSI applications) in effect at the time of the plaintiff's application and thereafter contained no such requirement. Finally, the magistrate judge found that the ALJ's assessment of the plaintiff's credibility was supported by substantial evidence.

Plaintiff's Objections

1. First Objection

In her first objection, the plaintiff contends that the magistrate judge erred when she rejected the plaintiff's argument that the ALJ should have re-contacted the plaintiff's medical provider as without merit, because 20 C.F.R. § 416.912 no longer contains that requirement. The plaintiff argues the language related to re-contacting a medical provider is now found elsewhere in the Regulations, and she points to 20 C.F.R. §§ 404.1520b(c)(1) and 416.920b(c)(1). The plaintiff believes the ALJ committed reversible error by failing to re-contact the consultative examiner when he decided that the examiner's conclusion was inconsistent with the examiner's own findings.

The basis of this argument relates to a finding by Dr. Salomon that the plaintiff could not stand or stoop, but he observed that she got on and off the examining table by herself without much trouble. The plaintiff believes that those findings, which the ALJ found to be inconsistent, triggered an obligation by the ALJ to reach out again to Dr. Salomon.

The now-applicable regulation — 20 C.F.R. § 416.920b(b) (2017) — explains that if the Commissioner is not "able to make our determination or decision because the evidence in your case record is insufficient or inconsistent," several options are available to her. One option:

> If any of the evidence in your case record, including any medical opinion(s) and prior administrative medical findings, is inconsistent, we will consider the relevant

evidence and see if we can determine whether you are disabled based on the evidence we have.

20 C.F.R. § 416.920b(b)(1). Another option is to try to resolve the inconsistency by taking other actions, including the following:

> (i) We may recontact your medical source . . .;
> (ii) We may request additional existing evidence;
> (iii) We may ask you to undergo a consultative examination at our expense . . .;
> (iv) We may ask you or others for more information.

20 C.F.R. § 416.920b(b)(2)(i)-(iv). If none of that clears up an inconsistency, then "we will make a determination or decision based on the evidence we have." 20 C.F.R. § 416.920b(b)(3).

These are options that the Commissioner has available. But the Commissioner need not take any of those actions if, as noted above, she "can determine whether you are disabled based on the evidence we have." 20 C.F.R. § 416.920b(b)(1).

The ALJ made his determination based on all the record evidence, which included both medical and non-medical sources. *See* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). He explained that he did not accept Dr. Salomon's opinion fully because of the inconsistency noted above. But he also rejected the conclusion that the plaintiff could not stoop or stand because of "her own admission at the hearing that she stands throughout the day for 13 or 14 minutes as a time." Tr. 27. The plaintiff criticizes the ALJ's reliance on that testimony, contending that it was taken out of context. But, as that magistrate judge noted, the ALJ did not err by relying on that testimony, as the plaintiff also testified at the hearing that she alternates sitting and standing "like, every 15 minutes or maybe 10." Tr. 46.

The administrative record does not establish that the ALJ erred by determining the plaintiff's RFC without re-contacting Dr. Salomon. The plaintiff's first objection will be overruled.

2. Second Objection

In her second objection, the plaintiff contends that the magistrate judge erred by finding that the ALJ properly discounted the plaintiff's credibility. ALJ Blair did not accept the plaintiff's claim that she was disabled "because of significant inconsistencies in the record as a whole." Tr. 26. In cataloging those inconsistencies, the ALJ wrote that the plaintiff gave inconsistent statements on how often she used the orthotic supports her podiatrist had given her after her employer took away the mat she stood on while packaging cookies; she was able to return to gainful employment even after her asthma treatment was "escalated" in May 2013; she complained of being short of breath, but Dr. Salomon found her "incredibly talkative" during the consultative examination; and she applied for and received unemployment benefits — which required her to certify to the state that she was able to work full time — during the time she claimed to be disabled. Tr. 26-27.

The plaintiff focuses mainly on the evidence of unemployment benefits, and she contends the magistrate judge wrongly concluded that it is always appropriate to discount the credibility of a claimant receiving unemployment benefits. The plaintiff argues the ALJ must consider the entirety of the circumstances surrounding the application for benefits, and the record does not reflect such a consideration. She makes specific reference to a Ninth Circuit case, in which the court noted, apparently under Oregon law, that "while receipt of unemployment benefits can undermine a claimant's alleged inability to work fulltime, . . . the record here does not establish whether Carmickle held himself out as available for full-time or part-time work. Only the former is inconsistent with his disability allegations." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008). She also makes the point that applying for unemployment benefits is not inconsistent with an argument that a Social Security claimant is able to work only at a reduced

exertional level. *See Smith v. Astrue*, No. 10-12648, 2011 WL 3897752, at *5 (E.D. Mich. July 6, 2011), *report and recommendation adopted*, No. 10-12648, 2011 WL 3897800 (E.D. Mich. Sept. 6, 2011).

But in this Circuit, it is accepted as a general proposition that "[a]pplications for unemployment and disability benefits are inherently inconsistent." *Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801 (6th Cir.2004); *see also Smith*, 2011 WL 3897752, at *5 ("This Circuit has found that the collecting of unemployment benefits (requiring recipients to state that they are seeking work) stands at odds with allegations of disability under the Social Security Act."). The plaintiff never contended that she held herself out as available for part-time work, or that she could perform sedentary work (but no more). And, as noted in the caselaw, stating that one cannot work collides with the representation that one is willing and able to perform work. The ALJ committed no error when he considered the plaintiff's seeking and obtaining unemployment benefits as one of the inconsistencies that caused him to discount her credibility.

The plaintiff also argues that the other inconsistencies relied upon by the ALJ and magistrate judge to discredit the plaintiff in fact are not inconsistencies and the plaintiff's testimony is supported by medical evidence. She did not raise that argument in her summary judgment motion. Nonetheless, the magistrate judge discussed those findings in her report. The ALJ's observations are well documented in the record; the plaintiff does not contend otherwise. She states only that the findings cited by the ALJ are not actually inconsistent, such as being short of breath and talkative at the same time. The ALJ, however, is entitled to evaluate the evidence and draw appropriate inferences. His assessment of the evidence and his conclusion that the plaintiff's information was inconsistent with her claims of disability were reasonable and complied with SSR 96-7p (requiring

the ALJ to explain his credibility determinations with a degree of specificity that "make[s] clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."). *See Rogers v. Comm'r of Social Sec.*, 486 F.3d 234, 248 (6th Cir. 2007).

The plaintiff's second objection will be overruled.

### 3. Third Objection

In her third objection, the plaintiff contends the magistrate judge erred by finding that the ALJ's decision was supported by substantial evidence. The plaintiff asserts that even if a decision is supported by substantial evidence, it cannot be upheld if the Social Security Act regulations were not followed, thereby prejudicing the claimant. The plaintiff argues the ALJ and magistrate judge misconstrued medical evidence and testimony because a proper evaluation of the medical evidence demonstrates that it is impossible for plaintiff to work. The plaintiff argues if the ALJ and magistrate judge had not committed legal errors, the plaintiff would have been found disabled.

It is well established that when deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Instead, the Court must uphold "the ALJ's decision if there is 'such relevant evidence as a reasonable mind might accept' as sufficient to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir.2001 (citation omitted)). "The substantial evidence standard is less exacting than the preponderance of evidence standard." *Ibid*. (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d

244, 246 (6th Cir. 1996)). If the ALJ's decision is supported by substantial evidence, reversal would not be warranted even if substantial evidence supports the opposite conclusion. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

Other than the arguments that the ALJ did not re-contact the consultative examiner and apply the rules for evaluating credibility — arguments that have been rejected — the plaintiff has not explained how the defendant otherwise failed to follow Social Security regulations or how the ALJ and magistrate judge misconstrued the evidence. And although a case can be made based on the plaintiff's own testimony that she is unable to perform work, the ALJ was not obliged to accept that testimony where the record provided grounds to reject it. The rule that the ALJ must account for all of the claimant's physical and mental limitations when determining RFC does not divest the ALJ of his obligation to assess credibility and determine the facts. In fashioning the hypothetical question to be posed to the vocational expert, for instance, the ALJ "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1235 (6th Cir. 1993). "[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

The ALJ's disability determination is supported by substantial evidence. The third objection will be overruled.

\* \* \* \* \* \* \* \* \* \* \*

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied

the correct law in reaching her conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #13] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #14] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #9] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #10] is **GRANTED**. The findings of the Commissioner are **AFFIRMED**, and the compaint is **DISMISSED** with prejudice.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 25, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 25, 2017.

s/Susan Pinkowski
SUSAN PINKOWSKI